UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANTONIO LEE, | ) |
|     Movant, | ) |
| | ) |
| | ) No. 3:19-cv-00850 |
| v. | ) Judge Trauger |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent. | ) |

**MEMORANDUM OPINION**

Pending before the court is movant Antonio Lee's amended motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence previously imposed by this court. (Doc. No. 11). Lee is a federal prisoner convicted and sentenced by this court in Case Nos. 3:09-cr-00240. The government filed a response to the amended motion, urging that Lee's motion be denied. (Doc. No. 25). For the following reasons, Lee's motion will be denied in part and granted in part.

**I.  Background**

On August 28, 2011, judgment was entered against Lee after he was found guilty by jury trial of being a felon in possession of a weapon in violation of 18 U.S.C. § 922(g). This court sentenced him as an armed career criminal to 210 months, which was over two years below the bottom of his guideline range but more than the minimum mandatory sentence of 180 months. That case was Case No. 3-09-cr-143.

On February 4, 2013, Lee was sentenced by another judge of this court, pursuant to his guilty plea to two counts of Hobbs Act conspiracy and one count of possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c), to 26 years in custody. His plea was pursuant to a binding plea agreement for a particular sentence—namely nineteen years

1

on the Hobbs Act counts, to run concurrently with each other and concurrently with the previously imposed sentence and seven years on Count 8, to run consecutively to all other sentences. See Case No. 3:09-cr-00240. (Doc. No. 1907 at PageID 7367).

Lee appealed his felon in possession conviction, and the Sixth Circuit Court of Appeals affirmed the conviction on October 1, 2012. (Case No. 3:09-cr-00143, Doc. No. 101 at PageID 759-60).

On September 18, 2019, Lee filed a pro se motion seeking relief under 28 U.S.C. § 2255 in the latter case, Case No. 3:09-cr-00240, (Case No. 3:19-cv-00580, Doc. No. 1 at PageID 13). The court appointed counsel for Lee and counsel filed an amended § 2255 motion challenging Lee's conviction on Count 8 based on *United States v. Davis*, __ U.S. __, 139 S. Ct. 2319 (2019), contending that the predicate offense of conspiracy to commit robbery affecting commerce is not a crime of violence, rendering invalid his conviction for the § 924(c) violation. (Doc. No. 11).

Lee thereafter filed a notice to amend (Doc. No. 19) and a second amended pro se motion (*id*. at attach. 1), raising claims under *Rehaif v. United States*, 139 S. Ct. 2191 (2019) and *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019). The government filed a response to the amended motion (Doc. No. 25), and Lee filed a reply to the response (Doc. No. 26).

## II.     Standard for Reviewing Section 2255 Motions

A prisoner in custody under a sentence of a federal court may move the court to vacate, set aside, or correct his sentence on certain grounds, including that "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). It is well established that, "[t]o prevail under § 2255, a defendant must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or jury's verdict" or "must show a fundamental defect in his sentencing which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Wright*

2

*v. Jones*, 182 F.3d 458, 463 (6th Cir. 1999) (internal quotation marks omitted). In § 2255 proceedings, it is the movant's burden to show his entitlement to relief. *See Potter v. United States*, 887 F.3d 785, 787-88 (6th Cir. 2018).

Generally, claims that a movant failed to raise at trial or on direct review are procedurally defaulted. *See Massaro v. United States*, 538 U.S. 500, 504 (2003). Under the doctrine of procedural default, a defendant who fails to raise an issue on direct appeal may not raise that issue in a § 2255 motion unless he can establish cause and prejudice to excuse his failure. *See Huff v. United States*, 734 F.3d 600, 605-06 (6th Cir. 2013). The "hurdle" that a movant must vault to excuse procedural default is "intentionally high . . . for respect for the finality of judgments demands that collateral attack generally not be allowed to do service for an appeal." *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000) (citation omitted). The element of cause requires "good cause" for the movant's failure to raise his claims on direct appeal, and the element of prejudice requires the movant to show that he "would suffer prejudice if unable to proceed" with those claims. *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). The Sixth Circuit has held that a movant demonstrates actual prejudice by showing that an error "worked to his actual and substantial disadvantage." *Ratliff v. United States*, 999 F.2d 1023, 1025 (6th Cir. 1993).

The Sixth Circuit made clear in *Bousley* that "'actual innocence' means factual innocence, not merely legal insufficiency." 523 U.S. 614, 623. Additionally, "[i]n cases where the [g]overnment has foregone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Id.* at 624. A movant's factual innocence must be shown "in light of all the evidence, including the undisputed circumstances

3

described in the presentence report" and plea agreement. *Vanwinkle v. United States*, 645 F.3d 365, 369 (6th Cir. 2011).

In ruling on a motion made pursuant to § 2255, the court must determine whether an evidentiary hearing is necessary. "An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)); *see also* 28 U.S.C. § 2255(b). "Bald assertions and conclusory allegations" do not provide grounds to warrant requiring the government to respond to discovery or to require an evidentiary hearing. *Thomas v. United States*, 849 F.3d 669, 681 (6th Cir. 2017). Here, the court concludes that no evidentiary hearing is necessary prior to ruling on Lee's § 2255 motion.

**III.     Analysis**

    **A.     *Rehaif* Claim**

In his "Second Amended/Supplemental Pleading for Relief Under 28 U.S.C. § 2255," filed pro se, Lee challenges his conviction in Case No. 3-09-cr-143 for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924.[1] Lee contends, based on the Supreme Court's decision in *Rehaif v. United States*, __ U.S. __, 139 S. Ct. 2191 (2019), that he did not know, and the government did not prove he knew, that he was prohibited from possessing a firearm. These failures, according to Lee, render his plea and conviction invalid. (Doc. No. 19, Attach. 1 at PageID 99-100).

In *Rehaif*, the Supreme Court held that, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a

---

[1] Lee's counsel did not advance this claim in the amended § 2255 motion.

4

firearm." 139 S. Ct. at 2200. The Eleventh Circuit specifically has held that the Supreme Court has not made the *Rehaif* decision retroactively applicable to cases on collateral review. *See In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019). In *Khamisi-El v. United States*, 2020 WL 398520 (6th Cir. Jan. 23, 2020),[2] the Sixth Court found that "[t]he rule in *Rehaif* is a matter of statutory interpretation, not a 'new rule of constitutional law.'" *Id*. at *4 (quoting *In re Palacios*, 931 F.3d at 1315). Thus, Lee's claim has no merit, as *Rehaif* does not provide him relief in this collateral proceeding. *See Abernathy v. United States*, No. 1:19-cv-2, 1:16-cr-81, 2019 WL 5268546, at *5 n.3 (E.D. Tenn. Oct. 17, 2019) ("The Supreme Court's holding [in *Rehaif*], however, is not retroactively applicable to cases on collateral review and, therefore has no bearing on the Court's consideration of Petitioner's motion."); *Moore v. United States*, No. 2:19-cv-02572-TLP-tmp, 2019 WL 4394755, at * 2 (W.D. Tenn. Sept. 12, 2019) (denying relief under § 2255 because "*Rehaif* did not announce a new rule of law made retroactive to cases on collateral review"); *see also United States v. Damien Clark*, No. 6:20-cv-076-DCR, 2020 WL 1644022, at *3-4 (E.D. Ky. Apr. 4, 2020) (finding that petitioner, who challenged the validity of his conviction by way of 28 U.S.C. § 2241, could not rely upon the "savings clause" of § 2255(e) to pursue his claims in a § 2241 petition but, even if this were not the case, Clark's reliance on *Rehaif* was misplaced because the Supreme Court has not made the *Rehaif* decision retroactively applicable to cases on collateral

---

[2] On appeal from the denial of Khamisi-El's motion to vacate sentence under 28 U.S.C. § 2255, the Sixth Circuit Court of Appeals affirmed the court's denial of relief under *Johnson v. United States*, 576 U.S. 591 (2015). But Khamisi-El also asserted that his case should be remanded to allow him to amend his § 2255 motion by adding a claim based on *Rehaif*. The Sixth Circuit first found that, because Khamisi-El raised this claim for the first time on appeal, such an amendment would constitute a second or successive motion for post-conviction relief under § 2255. To allow such an amendment, the Court explained, it must contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. In considering whether *Rehaif* constituted the latter, the Court held that "[t]he rule in *Rehaif* is a matter of statutory interpretation, not a 'new rule of constitutional law.'" *Id*. at * 4 (quoting *In re Palacios*, 931 F.3d at1315). In denying Khamisi-El's request to amend his motion to add a claim based on *Rehaif*, the Sixth Circuit also found that *Rehaif*'s change in statutory interpretation cannot be considered "newly considered evidence."

5

review.") (citing *In re Palacios*, 931 F.3d at 1315). *But see Dominique Wallace v. United States*, No. 20-5764 (6th Cir. Nov. 5, 2020) (granting a Certificate of Appealability to Wallace on the issue of whether *Rehaif* is retroactively applicable to cases on collateral review, finding that "[r]easonable jurists could debate" the issue, without addressing how this ruling squares with *Khamisi-El*).[3]

Because *Rehaif* did not announce a new rule of constitutional law made retroactive to cases on collateral review, *Rehaif* cannot provide Lee the relief he seeks. This claim will be dismissed.

**B.** *Havis* **Claim**

Second, Lee contends that the Sixth Circuit's *en banc* decision in *United States v. Havis*, No. 17-5772, 2019 WL 2376070 (6th Cir. June 6, 2019), "would vacate the Court's 'qualifying' Lee's 'resale offenses' as well as the federal controlled substance offenses." (Doc. No. 19, Attach. 1 at PageID 100-01).[4] As the court understands it, Lee asserts that his prior drug convictions are no longer predicate offenses for the presentence report's (PSR) findings that he was a career offender.

In *Havis*, the Sixth Circuit held that the United States Sentencing Commission exceeded its authority by expanding the Guidelines' definition of the term "controlled substance offense" in an application note. 2019 WL 2376070 at *3 ("The Commission's use of commentary to add attempt crimes to the definition of 'controlled substance offense' deserves no deference. The text of § 4B1.2(b) controls, and it makes clear that attempt crimes do not qualify as controlled substance offenses."). Havis's PSR had raised his offense level due to a prior "Tennessee conviction for selling and/or delivering cocaine" in violation of Tenn. Code Ann. § 39-17-417(a)(2)-(3). *Id*. at 1.

---

[3] Circuit Judges Suhrheinrich, Donald, and Murphy comprised the three-judge panel in *Khamisi-El.* Circuit Judge White signed the order granting Wallace a Certificate of Appeal.

[4] Lee's counsel did not advance this claim in the amended § 2255 motion.

6

"Under Tennessee law, 'delivery' of drugs means "the actual, constructive, or attempted transfer from one person to another of a controlled substance." *Id*. (emphasis in original) (quoting Tenn. Code. Ann. § 39-17-402(6)). The Sixth Circuit determined that "[t]he Guidelines' definition of 'controlled substance offense' does not include attempt crimes." *Havis*, 2019 WL 2376070 at *4. "Because the least culpable conduct covered by § 39-17-417 is attempted delivery of a controlled substance," the Sixth Circuit concluded that *Havis's* offense level should not have been increased on the basis of a prior "controlled substance offense." *Id*. The Court remanded the case to the district court for resentencing. *Id*.

Lee argues that, following *Havis*, the Sixth Circuit's determination that he was a career offender retroactively constitutes an erroneous application of the Guidelines. However, his claim is a non-constitutional claim of error. Non-constitutional errors "ordinarily are not cognizable on collateral review" under § 2255. *United States v. Cofield,* 233 F.3d 405, 407 (6th Cir. 2000) (quoting *Grant*, 72 F.3d at 506).

*Bullard v. United States*, 937 F.3d 654 (6th Cir. 2019) is instructive. *Bullard* argued in his § 2255 motion that, under *Havis*, his predicate conviction under an Arizona controlled substance statute that prohibits "attempt" conduct was no longer a controlled substance offense under the Guidelines. *Id*. at 656-57, 660-61. The Sixth Circuit found that, although Bullard "would not be a career offender under the Guidelines" if he "received his sentence today," his argument that "the district court misclassified him as a career offender" did not present "a cognizable claim on collateral review." *Id*. at 657 (citing *Snider*, 908 F.3d at 189-91). In *Snider v. United States*, 908 F.3d 183 (6th Cir. 2018), the Sixth Circuit held that a movant's "non-constitutional challenge to his advisory guidelines range . . . [was] not cognizable under § 2255." 908 F.3d at 189. The Court found that a non-constitutional error will give rise to a cognizable § 2255 claim "only if [the error]

7

involved 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* at 189 (6th Cir. 2018) (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

Lee does not allege that he is actually innocent of his prior drug offenses. And his sentence has not been vacated. *See Bullard*, 937 F.3d at 658 (noting that a movant can assert a cognizable claim of non-constitutional error under § 2255 by showing that "he is either actually innocent of his crime or that a prior conviction used to enhance his sentence has been vacated"). Lee instead alleges that *Havis* is an intervening change in law that invalidates the court's prior determination that he qualified as a career offender under the Guidelines. Although Lee might have a meritorious argument that, if sentenced now, he would not qualify as a career offender under the Guidelines, he cannot raise a cognizable § 2255 claim by arguing that *Havis* retroactively invalidates the court's application of the advisory Guidelines at his sentencing. He cannot because the Guidelines are advisory. As the *Bullard* Court explained, "the Guidelines are just meant to guide the district court to the proper sentence. But the district court is free to vary from the Guidelines -- and can impose a sentence at, below, or above the Guidelines." 937 F.3d at 659. "This discretion," says the Court, "confirms the absence of any 'miscarriage of justice' in Guidelines calculations: a district court can lawfully impose the same sentence with or without the career offender designation." *Id*. (quotation marks and citations omitted).

Consequently, "*Havis* provides no relief on collateral review" for Lee. *Id*. at 657. *See Church v. United States,* No. 3:17-cv-00972, 2020 WL 1703864, at *10 (M.D. Tenn. Apr. 8, 2020) (quoting *Chapman v. Terris*, No. 19-11247, 2019 WL 5733708, at *2 (E.D. Mich. Nov. 5, 2019)) (rejecting petitioner's attempt "to attack the qualifying status of this conviction (or any conviction) in the current proceeding which is a collateral attack on his conviction and sentence" because "'Petitioner is unable to avail himself of the *Havis* decision because it has not been made

8

retroactive to cases on collateral review, including motions to vacate sentence.'"); *Gamble v. United States*, No. 16-02527, 2020 WL 475832, at *13-15 (W.D. Tenn. Jan. 29, 2020) (denying as futile Gamble's proposed amendment to his § 2255 motion asserting a claim based on *Havis* "because the argument he seeks to make does not give rise to a cognizable § 2255 claim."); *Dubose v. United States*, No. 1:16-cv-01250-JBD-jay, 2020 WL 53561, at *3 (W.D. Tenn. Jan. 3, 2020) (dismissing Dubose's § 2255 claim based on *Havis* because it "challenges the Court's application of the advisory Guidelines" and is therefore non-cognizable). This claim, like Lee's first claim, fails.

### C. *Davis* Claim

Finally, Lee argues that his conviction under Count 8 for violating 18 U.S.C. § 924(c) by brandishing a firearm during a Hobbs Act conspiracy is invalid under *Davis*.

The government urges that Lee's motion should be denied because (1) his plea agreement contains a post-conviction waiver in which he knowingly and voluntarily waived his right to challenge his § 924(c) conviction in a § 2255 motion; and (2) he procedurally defaulted his *Davis* claim and cannot establish cause and prejudice or actual innocence to excuse his procedural default. (Doc. No. 25 at PageID 178).

#### 1. Lee is not barred from filing the instant § 2255 motion by the waiver in his plea agreement.

The government contends that Lee waived his right to attack his sentence under § 2255 and that Lee's "waiver provision squarely covers his current motion[.]" (Doc. 25 at PageID 184).[5] The

---

[5] The government states: "The United States, of course, retains discretion to elect not to enforce a waiver provision, and has chosen not to enforce the waiver in some other cases involving *Davis* claims. After considering all relevant facts and circumstances here, however, it has made the considered decision to enforce the petitioner's waiver." (Doc. No. 25 at 7 n.2).

9

waiver on which the government relies, which was stated orally by the prosecution at the plea hearing but was not reduced to writing, stated as follows:

> Regarding the issue of guilt, defendant hereby waives all rights to appeal any issue bearing on the determination of whether he is guilty of the crimes to which he is agreeing to plead guilty and trial rights that might have been available if he exercised his right to go to trial.
>
> Regarding sentencing, the defendant is aware that Title 18 United States Code, Section 3742, generally affords a defendant the right to appeal the sentence imposed. Acknowledging this, the defendant knowingly waives the right to appeal any sentence as agreed in this plea agreement, that is 26 years total apportioned, as I've stated above.
>
> The defendant also knowingly waives the right to challenge that agreed sentence in any collateral attack, including but not limited to a motion brought pursuant to 28 USC 2255, 2241, or 18 USC 3582. However, no waiver of the right to appeal or to challenge the adjudication of guilt or the sentence imposed in any collateral attack shall apply to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel, or if the sentence actually imposed is more than 26 years imprisonment and 5 years supervised release. Likewise, the government waives the right to appeal any sentence of 26 years starting today as announced earlier.

(Doc. No.11, Attach. 1 at PageID 78-79).[6]

The court finds that the language of this waiver is unambiguous.[7] The waiver treats the matter of Lee's conviction/"adjudication of guilt" and sentence separately. In its first sentence, it addresses Lee's waiver on "the issue of guilt," and that waiver extends only to the appeal process. In the second sentence, the language turns to Lee's waiver "[r]egarding sentencing," and he waived "the right to appeal any sentence . . . that is 26 years total apportioned." (*Id.*) Lee also waived

---

[6] The plea agreement was not a separate document, as is usually the case, but, instead, was set out in paragraph 13 of the Petition to Enter a Plea of Guilty. (See Case No. 3:09-cr-00240 at Doc. No. 1097).

[7] To the extent that the waiver is ambiguous, "[a]mbiguities in a plea agreement must be construed against the government," *United States v. Fitch*, 282 F.3d 364, 367 (6th Cir. 2002), "because the government ordinarily has certain awesome advantages in bargaining power," *United States v. Palladino*, 347 F.3d 29, 33 (2d Cir. 2003), and because, as here, the government is usually the party who drafted the agreement. *United States v. Harvey*, 791 F.2d 294, 301 (4th Cir. 1986). For example, the Sixth Circuit has found that a waiver of the right to file "any collateral attack" in a plea agreement did not waive the right to file for a sentence reduction under 18 U.S.C. § 3582(c)(2) because the waiver was "at best ambiguous as to the § 3582 motion." *United States v. Goodloe*, 388 F. App'x 500, 503 (6th Cir. 2010).

10

"any collateral attack" to challenge "that agreed sentence." (*Id*.) Thus, with respect to his convictions/adjudications of guilt, Lee waived his right to appeal; with respect to his sentence, Lee waived his right to appeal or collaterally attack "that agreed sentence" as long as that sentence was 26 years. The waiver provided exceptions if Lee raised, in an appeal or collateral attack, a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel, or "if the sentence actually imposed is more than 26 years imprisonment and 5 years supervised release." *Id*.

The court is not persuaded that the phrase "that agreed sentence" means the same thing as, or somehow encompasses, Lee's "conviction." Neither is the court convinced that the meaning of "sentence" changes from one line of the waiver to another. If the government had wanted Lee to waive the right to collaterally attack his conviction *and* his agreed sentence, the government should have drafted a waiver explicitly stating that Lee "waive[s] his right to 'file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack [his] *conviction[ ] and/or resulting sentence*" or similar language. *Slusser v. United States*, 895 F.3d 437 (6th Cir. 2018) (quoting plea agreement and finding that Slusser waived his right to present a challenge to his sentence) (italics added). *See e.g., Dockery v. United States*, 2015 U.S. Dist. LEXIS 41136, at *5 (W.D. Tenn. Mar. 30, 2015) (where plea agreement stated that "[t]he defendant further waives and gives up the right to challenge any conviction or sentence imposed or the manner in which the sentence was determined in any collateral attack" and then "set out limitations to this broad waiver of Dockery's rights, specifically, preserving Dockery's right to raise a 'claim relating to prosecutorial misconduct or ineffective of counsel", finding that "Dockery was preserving the right to raise ineffective assistance of counsel in a collateral proceeding such as § 2255 motion, despite the fact that Dockery was otherwise waiving his right to bring a collateral attack on his sentence.");

11

*Hensley v. United States*, 2013 U.S. Dist. LEXIS 120048, at *4 (E.D. Tenn. Aug. 23, 2013) (where plea agreement stated that "the defendant knowingly and voluntarily waives the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or collaterally attack *the conviction and/or resulting sentence*", finding that petitioner "waived the right to challenge his sentence either by direct appeal or in a collateral proceeding under § 2255.") (italics added).

In *United States v. Anthony Brooks*, No. 3:10-cr-163, the defendant entered a plea agreement in this court. (*See id.*, Doc. No. 1269, Page ID 3912-3913). Brooks's waiver stated that he waived an appeal of "any issue bearing on the determination of whether he is guilty" and of "any sentence" as well as any "collateral attack" of any "sentence." (*Id*. at Page ID #3912).[8] When Brooks sought authorization from the Sixth Circuit to file a second or successive § 2255 motion to raise a *Davis* claim, the government argued, as it does now, that Brooks's waiver precluded any § 2255 motion. *In re Brooks*, 2020 U.S. App. LEXIS 6371 (6th Cir. Feb. 28, 2020). In response, Brooks made essentially the same argument that Lee makes here.

The Sixth Circuit agreed with *Brooks*, rejecting the government's argument regarding the scope of the waiver. *Id*. *3. The Sixth Circuit explained, "[T]he waiver provides that Brooks waives only 'the right to challenge [his] *sentence'*; it does not provide that he also waives the right

---

[8] The waiver reads in full:

> 18. Regarding the issue of guilt, the defendant hereby waives all (i) rights to appeal any issue bearing on the determination of whether he is guilty of the crime(s) to which he is agreeing to plead guilty; and (ii) trial rights that might have been available if he exercised his right to go to trial. Regarding sentencing, the defendant is aware that 18 U.S.C. § 3742 generally affords a defendant the right to appeal the sentence imposed. Acknowledging this, the defendant knowingly waives the right to appeal any sentence that is 300 months. The defendant also knowingly waives the right to challenge the sentence imposed in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241, and/or 18 U.S.C. § 3582(c). However, no waiver of the right to appeal, or to challenge the adjudication of guilt or the sentence imposed in any collateral attack, shall apply to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel. Likewise, the government waives the right to appeal any sentence that is 300 months.

*Brooks*, No. 3:10-cr-163 (Doc. No. 1269 at PageID 3912-3913).

to challenge his *convictions*—including his § 924(c) conviction that he seeks to challenge here" under *Davis*. (*Id.*) (citing *United States v. Spear*, 753 F.3d 964, 960 (9th Cir. 2024) (emphasis in original, quoting plea agreement)).

*Brooks* is fully applicable here since the respective waivers are virtually identical. *See Burleson v. United States*, No. 3:20-cv-487, 2020 WL 7027503, at *6 (M.D. Tenn. Nov. 27, 2020) (Aspen, J.) (when considering waiver in plea agreement that was substantially similar to Brook's and Lee's waivers, finding that "the waiver clause does not waive Burleson's right to attack his *conviction*. It only waives his right to attack his *sentence*.") (emphasis in original). And as in *Brooks*, the court finds that Lee has not waived his right to challenge his § 924(c) conviction under *Davis*.

### 2. Lee has established cause and prejudice excusing the procedural default of his *Davis* claim.

Lee concedes that his *Davis* claim is procedurally defaulted. (Doc. No. 26 at PageID 199). However, he contends that he overcomes the procedural default because he is actually and factually innocent of Count 8 and, even if the actual innocence exception does not apply, Lee can establish cause and prejudice to excuse the default. (*Id.*)

Cause for default is established when "a constitutional claim is so novel that its legal basis [wa]s not reasonably available to counsel" at the time of the default. *Reed v. Ross*, 468 U.S. 1, 16 (1984). A claim is novel where a Supreme Court decision: (1) "explicitly overrule[s] one of th[e] Court's precedents"; (2) "may overturn[ ] a longstanding and widespread practice to which th[e] Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved"; or (3) "disapprove[s] a practice that th[e] Court arguably has sanctioned in prior cases." *Id.* at 17 (internal citations omitted). "By definition, when a case falling into one of the first two categories is given retroactive application, there will almost certainly have been no

13

reasonable basis upon which an attorney previously could have urged a . . . court to adopt the position that [the Supreme Court] has ultimately adopted," and such a case will satisfy the cause requirement. *Id*.

Here, Lee satisfies the cause requirement because he has shown that his vagueness challenge falls within the second *Reed* category. At the time of Lee's sentencing in 2013, "the Supreme Court had twice stated that the ACCA residual clause was not unconstitutionally vague, and every circuit court to consider the question had upheld the ACCA residual clause against constitutional vagueness attack." *See Royer v. United States,* 324 F. Supp.3d 719, 735 & n.12 (E.D. Va. 2018) (citing *Sykes v. United States*, 564 U.S. 1, 33 (2011) ("The residual clause . . . states an intelligible principle and provides guidance that allows a person to conform his or her conduct to the law." (internal quotation marks omitted)); *James v. United States*, 550 U.S. 192, 210 n.6 (2007) ("We are not persuaded by Justice SCALIA's suggestion—which was not pressed by James or his amici—that the residual provision is unconstitutionally vague.") (capitalization in original).

In January 2015 in *Johnson v. United States*, 576 U.S. 591 (2015), the Supreme Court raised *sua sponte* the issue whether the Armed Career Criminal Act's residual clause was void for vagueness and held the clause was void for that reason in June 2015, upsetting longstanding and universal practice in every Circuit. The Supreme Court's *Johnson* decision has been described as a "bolt of lightning from the clear blue sky." *United States v. Grogans*, No. 7:11-cr-21, 2017 WL 946312, at *5 (W.D. Va. Mar. 9, 2017) (holding that Grogans's failure to bring a vagueness challenge to the ACCA residual clause before *Johnson* was excused under the cause-and-prejudice prong because the claim "was so novel that it was not reasonably available to counsel"). *Johnson* eventually led to *Davis*, which held that § 924(c)'s residual clause likewise

14

was void. In 2013, when Lee did not raise a void-for-vagueness attack on his conviction, he had cause not to challenge the constitutionality of the residual clause on direct appeal because this argument was foreclosed by "a near-unanimous body of lower court authority." *Reed*, 468 U.S. at 17.

The Sixth Circuit has held that a movant demonstrates actual prejudice by showing that an error "worked to his actual and substantial disadvantage." *Ratliff v. United States*, 999 F.2d 1023, 1025 (6th Cir. 1993). Lee also has established prejudice because he suffered additional custodial time due to the application of an erroneous sentencing enhancement. His § 924(c) conviction mandates a consecutive sentence of seven years. Accordingly, the court finds that Lee has demonstrated both cause and prejudice to overcome the procedural default of his *Davis* claim.[9]

### 3. Lee may invoke the *Davis* rule on collateral review.

Neither the Supreme Court nor the Sixth Circuit has held that the rule announced in *Davis* applies retroactively to cases on collateral review. However, three Circuits have held that, like the rule announced by *Johnson*, *Davis* announced a new rule of substantive law that must be applied retroactively. *See In re Hammoud*, 931 F.3d 1032, 1038-39 (11th Cir. 2019); *United States v. Reece*, 938 F.3d 630, 633-37 (5th Cir. 2019); *United States v. Bowen*, 936 F.3d 1091, 1097-1101 (10th Cir. 2019). *See also Frazier v. United States*, No. 2:19-cv-02254, 2020 WL 6809892, at *2 (W.D. Tenn. Nov. 19, 2020) (assuming without finding that *Davis* applies retroactively, citing the decisions of the Fifth, Tenth, and Eleventh Circuits, and denying Frazier's § 2255 motion because his Hobbs Act robbery constitutes a crime of violence under § 924(c)(3)(A)); *Goetz v. Warden, FCI Lompoc*, No. CV 19-5752-CJC (JEM), 2010 WL 5665667, at *5 (C.D. Cal. Aug. 24, 2020) (noting that the government had conceded that the Supreme Court in *Davis* "announced a rule that

---

[9] Because the court finds that Lee has demonstrated cause and prejudice to excuse his procedural default, the court need not reach the issue of whether Lee has demonstrated actual innocence of his § 924(c) conviction.

most likely applies retroactively to cases on collateral review . . . ."); *Eady v. United States*, No. 2:12-cv-00415-DCN-1, 2020 WL 2043451, at *2 (D. S.C. Apr. 28, 2020) (agreeing with the Fifth, Tenth, and Eleventh Circuits and finding that *Davis* "established a new substantive rule that should be applied retroactively."); *Bonilla v. United States*, No. 07 CR 0097, 2020 WL 489573, at *3 (E.D.N.Y. Jan. 29, 2020) (citing *Hammoud* and finding that "it seems plain to this Court" that *Davis* has been made retroactively applicable to criminal cases that become final before *Davis* was announced).

This court agrees with these courts and finds that Lee can invoke the *Davis* rule on collateral review. Notably, Lee timely filed his § 2255 motion within one year of the issuance of *Davis*. 28 U.S.C. § 2255(f)(3).

### 4. Lee's conviction under 18 U.S.C. § 924(c) must be set aside in light of *Davis*.

Section 924(c) criminalizes the possession of a firearm in furtherance of a "crime of violence" or "drug trafficking crime." Lee pled guilty to Count 8 of the Ninth Superseding Indictment (Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)). The language of that count reads as follows:

> Between in or around January 2009 to on or about March 22, 2009, in the Middle District of Tennessee, **[7] ADAM BATTLE a/k/a "A-CRIP" a/k/a "A.C." and [15] ANTONIO LEE a/k/a "MERL"** did knowingly possess and brandish a firearm in furtherance of a crime of violence for which they may be prosecuted in a court of the United States, that is, conspiracy to commit a Hobbs Act extortion and robbery in violation of Title 18, United States Code, Section 1951.
>
> In violation of Title 18 United States Code, Sections 924(c)(1)(A) and 2.

(Case 3:09-cr-00240, Doc. No. 1408 at PageID 5565).

For the purposes of § 924(c), the term "crime of violence" means an offense that is a felony and:

16

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id*. The statute's two sections are known as the "elements clause," § 924(c)(3)(A), and the "residual clause," § 924(c)(3)(B).

The offense underlying Lee's § 924(c) conviction was for a "conspiracy to commit a Hobbs Act extortion and robbery." (No. 3:09-cr-00240, Doc. No. 1408 at PageID 5565). Thus, Lee's conviction rests on the legal premise that a Hobbs Act conspiracy qualifies as a "crime of violence" as defined by § 924(c)(3).

The Sixth Circuit has long held that Hobbs Act conspiracy satisfies the residual clause of § 924(c)(3)(B). *United States v. Taylor*, 176 F.3d 331, 337-38 (6th Cir. 1999). But the Supreme Court in *Davis* held that § 924(c)(3)(B)'s residual clause, which defined "crime of violence," is unconstitutionally vague. Consequently, the Court voided the clause's definition, declaring it a "nullity." 139 S. Ct. at 2324-25, 2336. *Davis* did not void the elements clause. *See id.*

The Sixth Circuit has never held that Hobbs Act conspiracy satisfies the elements clause. In *United States v. Ledbetter*, 929 F.3d 338 (6th Cir. 2019), *cert. denied*, 140 S. Ct. 509 (Nov. 12, 2019), the Sixth Circuit held, and the parties agreed, that Hobbs Act conspiracy has no element of the actual, threatened, or attempted use of force; therefore it cannot satisfy the elements clause of 924(c)(3)(A). *Id*. at 361. The Supreme Court denied certiorari in *Ledbetter*. 140 S. Ct. 509 (Nov. 12, 2019). Relying on *Ledbetter*, other district courts in this Circuit have found that conspiracy to commit robbery affecting commerce is no longer viable as a qualifying crime of violence for purposes of § 924(c)(3). *See United States v. Nixon*, No. 1:18-cr-10042-JDB-1, 2020 WL 963383, at *2 (W.D. Tenn. Feb. 27, 2020) (quoting *Ledbetter* and finding no qualifying predicate offense

17

to support the count seven § 924(c) conviction); *Baugh v. United States*, No. 3:16-cv-02628, 2020 WL 409728, at *4 (M.D. Tenn. Jan. 24, 2020) ("Baugh's conviction for conspiracy to commit Hobbs Act robbery does not qualify as a crime of violence under the elements clause of section 924(c)(3)(A), and it cannot qualify under the now invalidated residual clause of section 924(c)(3)(B).") (Trauger, J.); *Winston v. United States*, No. 16-00865, 2019 WL 4753803, at *3 (M.D. Tenn. Sept. 30, 2019) (Lawson, J.) (granting Winston's motion to vacate his sentence because Winston's conviction for conspiracy to commit Hobbs Act Robbery "does not qualify as a crime of violence under the elements clause of section 924(c)(3)(A), and it cannot qualify under the now invalidated residual clause of section 924(c)(3)(B)").

In so finding, courts have agreed that conspiracy to commit Hobbs Act robbery cannot qualify as a crime of violence under § 924(c)(3)(A) because it does not require proof of any element directly implicating the use of force. *Accord Brown v. United States*, 942 F.3d 1069, 1075-76 (11th Cir. 2019) (holding, as a matter of first impression, that defendant's conviction for conspiracy to commit Hobbs Act robbery did not qualify as a "crime of violence"); *United States v. Barrett*, 937 F.3d 126, 130 (2d Cir. 2019) ("If there is anything *Davis* makes clear, it is the Supreme Court's conviction that the substantially similar residual clause definitions for a violent crime in [the] ACCA, in § 16(b), and in § 924(c)(3)(B) are unconstitutionally vague, and its aversion to new arguments that attempt to avoid that conclusion."); *United States v. Simms*, 914 F.3d 229, 233-34 (4th Cir. 2019) ("Simms's offense—conspiracy to commit Hobbs Act robbery—does not categorically qualify as a crime of violence under the elements-based categorical approach, as the United States now concedes.").

This court agrees that conspiracy to commit Hobbs Act robbery may not serve as a crime of violence predicate for a § 924(c)(3)(A) conviction because conspiracy "is merely an agreement

18

to commit an offense"; it cannot satisfy the elements clause. "Neither an agreement to commit a crime nor a defendant's knowledge of the conspiratorial goal necessitates the existence of a threat of attempt to use force." *Brown*, 942 F.3d 1069, 1075. Further, a defendant's voluntary participation may manifest itself in many different non-violent ways. *See Simms*, 914 F.3d 229, 233-34 (finding that conspiracy to commit Hobbs Act robbery does not qualify as a crime of violence "because to convict a defendant of this offense, the Government must prove only that the defendant agreed with another to commit actions that, if realized, would violate the Hobbs Act. Such an agreement does not invariably require the actual, attempted, or threatened use of physical force.").

The Sixth Circuit has instructed that, whenever a conviction relies on § 924(c)'s residual clause and its predicate "crime of violence" cannot satisfy the elements clause, the remedy is to "set aside" that conviction. *Ledbetter*, 929 F.3d 338, 361. Because a Hobbs Act conspiracy cannot serve as a "crime of violence" predicate under the elements clause of § 924(c)(3)(A), and because Count 8 was predicated solely upon a Hobbs Act conspiracy, Lee's 924(c) conviction for Count 8 is invalid and must be set aside.

In his amended motion, Lee's counsel noted: "Whereas Lee's pro se motion challenged any classification of him as a career offender, that issue is not a ground for relief, but may arise if the Court orders a resentencing hearing." (Doc. No. 11 at PageID 47 n.1. The court finds that a new sentencing hearing is not necessary, as there is no reason to resentence Lee on the remaining counts.

**IV.    Conclusion**

Based on the foregoing, Lee's motion under 28 U.S.C. § 2255 (Doc. No. 1) will be denied in part and granted in part.

With respect to Lee's *Rehaif* and *Havis* claims, the amended motion and the record here "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). For these reasons, Lee is not entitled to an evidentiary hearing, and those claims fail.

However, with respect to Lee's claims under *United States v. Davis*, __ U.S. __, 139 S. Ct. 2319 (2019), Lee's motion will be granted.

Accordingly, Lee's conviction under § 924(c) will be vacated, and his sentence of incarceration will be amended to remove the seven consecutive years that were added for Count 8. All other aspects of his sentence remain unchanged.

Finally, Lee's "Notice To Amend," (Doc. No. 19) which was docketed as a pending motion, will be termed.

An appropriate order will enter.

_____
Aleta A. Trauger
United States District Judge